**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1147**

_____

JOE LOUIS ADAMS, JR.,

Plaintiff - Appellant,

v.

3D SYSTEMS, INC.,

Defendant - Appellee.

_____

**No. 23-1356**

_____

JOE LOUIS ADAMS, JR.,

Plaintiff - Appellant,

v.

3D SYSTEMS, INC.,

Defendant - Appellee.

_____

**No. 23-1473**

_____

JOE LOUIS ADAMS, JR.,

Plaintiff - Appellant,

v.

3D SYSTEMS, INC.,

Defendant - Appellee.

———————————

**No. 23-1659**

———————————

JOE LOUIS ADAMS, JR.,

Plaintiff - Appellant,

v.

3D SYSTEMS, INC.,

Defendant - Appellee.

———————————

Appeals from the United States District Court for the District of South Carolina, at Rock Hill. Mary G. Lewis; J. Michelle Childs, District Judges. (0:19-cv-00663-MGL)

———————————

Submitted: November 8, 2023                    Decided: January 17, 2024

———————————

Before WYNN and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————————

Joe Louis Adams, Jr., Appellant Pro Se. Jennifer Lee Sease Cluverius, Ashley Robertson Parr, Greenville, South Carolina, Nikole Setzler Mergo, MAYNARD NEXSEN PC, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated cases, Joe Louis Adams, Jr., appeals several district court orders issued in Adams' action against his former employer, 3D Systems, Inc. ("3D Systems"). In his action, Adams asserted claims for harassment, discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634; and assault, negligent supervision, and wrongful termination under South Carolina law. 3D Systems has filed a motion to dismiss as interlocutory Appeal No. 23-1147 and moves to seal confidential materials in Appeal Nos. 23-1356 and 23-1473. Adams has filed motions to adopt all pleadings in opposition in Appeal No. 23-1147, and to reverse the district court's decision on appeal and for appointment of counsel in Appeal Nos. 23-1147, 23-1473, and 23-1659. We dismiss in part and affirm in part.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Adams filed notices of appeal seeking to appeal the orders underlying Appeal No. 23-1147 before the district court entered final judgment in the underlying action. None of the orders identified in the respective notices of appeal are final orders or appealable interlocutory or collateral orders, however, and we find that the cumulative finality doctrine is inapplicable here. *See Houck v. LifeStore Bank*, 41 F.4th 266, 271 (4th Cir. 2022) (recognizing that the cumulative finality doctrine allows this court "to consider an otherwise premature appeal," but only if "(1) all joint claims or all multiple parties are dismissed prior to the consideration of the

3

appeal; and (2) the appellant appeals from an order that the district court could have certified for immediate appeal under Rule 54(b)" (cleaned up)), *cert. denied*, No. 22-6557, 2023 WL 6377997 (U.S. Oct. 2, 2023). Accordingly, we grant 3D Systems' motion to dismiss Appeal No. 23-1147 and dismiss the appeal in part for lack of jurisdiction.

As to the remaining orders Adams challenges in these appeals, we have reviewed the record in conjunction with the issues Adams raises in his informal briefs and discern no reversible error. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, [this Court's] review is limited to issues preserved in that brief."). For instance, we conclude that the district court did not abuse its discretion when it sanctioned Adams for his failure to attend court proceedings or when it denied Adams' motion for recusal. *See United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017) (stating standard of review applicable to order denying motion for recusal); *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (stating standard of review applicable to order imposing sanctions). We likewise discern no reversible error as to the district court's order granting 3D Systems summary judgment on Adams' claims. We therefore affirm the district court's judgment in part. *Adams v. 3D Systems, Inc.*, No. 0:19-cv-00663-MGL (D.S.C. Mar. 31, 2023).

Accordingly, we grant 3D Systems' motion to dismiss as interlocutory Appeal No. 23-1147 and dismiss this consolidated appeal in part and affirm in part. We grant 3D Systems' motions to seal in Appeal Nos. 23-1356 and 23-1473, deny Adams' motion to adopt all pleadings in opposition in Appeal No. 23-1147, and deny his motions to reverse the district court's decision on appeal and for appointment of counsel in Appeal Nos. 23-

4

1147, 23-1473, and 23-1659.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*